UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL CRUZ-GASCA,

Petitioner,

v.

BRUCE SCOTT, et al.,

Respondents.

Case No. 2:26-cv-04349

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

## I. ORDER

Petitioner Daniel Cruz-Gasca has filed a petition for a writ of habeas corpus (Dkt. 1) accompanied by a motion for a temporary restraining order ("TRO") (Dkt. 2). In his habeas petition, Petitioner argues that his removal proceedings in the Tacoma Immigration Court "raise serious due process concerns." Dkt. 1 at 4–5. In the TRO motion, he alleges that Immigration and Customs Enforcement has informed him that he will be removed to Mexico at approximately midnight on the night of this filing, Dkt. 3 ¶ 7, and he seeks an order prohibiting that removal. Dkt. 2 at 5–6.

On August 4, 2026, an Immigration Judge ("IJ") ordered Petitioner removed to Mexico. Dkt. 3 ¶ 3. Petitioner's counsel states that Petitioner appeared without counsel at that hearing due to "an internal communication breakdown," and that he "was ordered removed without having

submitted his intended application for asylum, withholding of removal, and protection under the Convention Against Torture." *Id.*

On August 17, before the removal order became administratively final, this Court issued an order requiring Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days of his request for one. *Cruz-Gasca v. Scott*, No. 2:26-CV-02758-TMC, 2026 WL 2389104, at *1 (W.D. Wash. Aug. 17, 2026). Petitioner claims that he did not receive a bond hearing but does not specify whether he requested one. Dkt. 3 ¶ 4. On September 3, Petitioner's counsel moved for reconsideration of the removal order; an IJ denied that request on September 30. *Id.* ¶ 5. It is unclear from the record whether Petitioner appealed the removal order or moved to reopen proceedings. *Id.* ¶ 6.

A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (the standard for a TRO is "substantially identical" to the standard for a preliminary injunction). A party seeking a TRO must show: (1) they are likely to succeed on the merits, (2) the potential for irreparable harm absent preliminary relief, (3) the balance of equities favors injunction, and (4) the relief sought is in the public interest. *Winter*, 555 U.S. at 20; *Stuhlbarg*, 240 F.3d at 839 n.7. "Likelihood of success on the merits is a threshold inquiry and is the most important factor." *Simon v. City & County of San Francisco*, 135 F.4th 784, 797 (9th Cir. 2025) (citation omitted).

Petitioner has not shown a likelihood of success on the merits of his habeas claim. To the extent Petitioner challenges his ongoing detention without a bond hearing, nothing in the record shows that he requested a bond hearing as directed by the Court's August 17 order. And to the extent Petitioner seeks to enjoin the government's execution of his removal order (which he does not appear to dispute is administratively final) while he moves to reopen his immigration court

proceedings, this Court lacks jurisdiction to stay his removal under binding Ninth Circuit precedent. *Rauda v. Jennings*, 55 F.4th 773, 777–78 (9th Cir. 2022). Petitioner has not demonstrated that any adverse rulings or missed hearings were due to Respondents' failure to provide adequate process, nor has he shown that this Court has the power to order the relief he seeks.

Because Petitioner has not made a clear showing that he is entitled to injunctive relief against removal, the Court DENIES the TRO motion.

Dated this 9th day of November, 2026.

Tiffany M. Cartwright
United States District Judge