UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL CRUZ-GASCA,

Petitioner,

v.

BRUCE SCOTT, *et al.*,

Respondents.

Case No. C26-4349-MLP

ORDER

This matter is before the Court on Petitioner Daniel Cruz-Gasca's Third Emergency Motion for Temporary Restraining Order ("TRO"). (Dkt. # 12.) Having reviewed the motion and the relevant record, the Court PROVISIONALLY GRANTS the Motion (dkt. # 12), pending the Court's final ruling on the Motion.[1]

Petitioner, a citizen of Mexico, is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center in Tacoma, Washington. (*See* dkt.# 1.) On November 10, 2026, Respondents filed a 48-hour Notice of Imminent Removal declaring their intention to imminently remove Petitioner from the United States to an unspecified country. (Dkt. # 11.) On November 12, 2026, Petitioner filed the instant Motion,

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 9.)

requesting the Court enjoin Respondents from transferring him outside the Western District of Washington until further order of the Court. (Dkt. # 12 at 8.) Respondents have not yet filed a response brief in the underlying habeas action or to the TRO.

Removing Petitioner from this District and this country would have significant ramifications for the instant Motion as well as the pending habeas petition. The Court may grant an emergency motion to preserve the Court's jurisdiction and to maintain the status quo. *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve . . . jurisdiction over the matter."); *United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court ha[s] the power to preserve existing conditions while it . . . determine[s] its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous.). This is particularly so when the order is necessary to prevent action that would otherwise destroy the court's jurisdiction or moot the case. *See United States v. Shipp*, 203 U.S. 563, 573 (1906). "The purpose of such relief is 'merely to preserve the relative positions of the parties' pending further proceedings." *A.A.R.P.*, 605 U.S. at 96 (quoting *Lackey v. Stinnie*, 604 U. S. 192, 200 (2025)).

Accordingly, the Court ORDERS as follows:

(1) Petitioner's Motion (dkt. # 12) is PROVISIONALLY GRANTED, pending the Court's resolution of the Motion. This grant is solely for the purpose of maintaining the status quo so that the Court may review the merits of the Motion after full briefing.

(2) Respondents are PROHIBITED from removing Plaintiff from either the United States or this jurisdiction, without further order of the Court.

(3) Respondents have up to and including **November 16, 2026**, to file a response to the Motion. Petitioner has up to and including **November 18, 2026**, to file a reply.

Dated this 12th day of November, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge